1  Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
3  VICTOR RANE
9350 Wilshire Blvd., Suite 308
4  Beverly Hills, California 90212
Telephone: (310) 388-4849
5  Facsimile: (310) 388-4869

6  Attorneys for Defendant
UNITED AIRLINES, INC.
7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11  THEODORE LIAW, an individual,       )   Case No.: 19-CV-00396-WHA-SK
                                        )
12              Plaintiff,              )   **UNITED AIRLINES, INC.'S**
                                        )   **NOTICE OF MOTION AND**
13       vs.                            )   **MOTION TO STRIKE PARTS OF**
                                        )   **PLAINTIFF'S COMPLAINT;**
14  UNITED AIRLINES, INC.,              )   **MEMORANDUM IS SUPPORT**
                                        )   **THEREOF**
15              Defendant.              )
                                        )    Date:      April 4, 2019
16                                      )    Time:      8:00 a.m.
                                        )
17  _____ )

18       PLEASE TAKE NOTICE that on April 4, 2019, at 8:00 a.m., in Courtroom

19  12 of the above-captioned Court, located at a San Francisco Courthouse, 450

20  Golden Gate Ave., San Francisco, CA 94102, defendant United Airlines, Inc.

21  (hereinafter, "United"), by and through its attorneys of record, Victor Rane Group,

22  will move this court for an order striking parts of plaintiff Theodore Liaw's

23  (hereinafter, "plaintiff") complaint pursuant to Rule 12(f) of the Federal Rules of

24  Civil Procedure.

25       United respectfully requests that the Court strike the following immaterial,

26  impertinent, and scandalous parts of plaintiff's complaint:

27  • Paragraphs 1, 2, 7, 18, 21, 29, 30, 31, 32, and 33.

28       This motion will be based on this notice of motion, the memorandum of

points and authorities below, the declaration of Richard A. Lazenby and exhibits thereto, and any oral argument or other evidence presented at the hearing of this motion.

Dated: February 25, 2019                    Respectfully submitted,


                                  By:/s/ Richard A. Lazenby
                                      Richard A. Lazenby
                                      Michael Cutler
                                      VICTOR RANE
                                      Attorneys for Defendant
                                      UNITED AIRLINES, INC.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's complaint is a classic example of a pleading that is objectionable under Rule 12(f).  Plaintiff is suing United under the Montreal Convention for purported personal injuries resulting from a diversion of his flight to Goose Bay, Canada.  But the complaint goes well beyond the bounds of establishing a claim under the Convention.  It includes speculative, scandalous and irrelevant matter to dramatize plaintiff's story.  One example is the absurd allegation that United covered up this incident after the fact – a claim plaintiff deduced solely from his "expertise in the customer service world," and which has absolutely no bearing on liability or damages under the Convention.

The immaterial and scandalous allegations in the complaint serve only one purpose – to embellish plaintiff's story in an attempt to garner media attention and to leverage a settlement.  Indeed, before the lawsuit was filed, plaintiff's counsel threatened to publish the allege cover-up in the media, and it is since made multiple media headlines; counsel threatened to file this lawsuit as a "class action," but filed on behalf of the only injury claim United is aware of to date; and demanded a settlement offer despite refusing to provide a single document substantiating his client's injury.  The Court should condemn such tactics, and strike all impertinent, immaterial, and scandalous material from plaintiff's complaint as described herein.

### LEGAL STANDARD

"Federal Rule of Civil Procedure 12(f) provides that a court may 'order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 934 (N.D. Cal. 2009).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1   dispensing with those issues prior to trial*." Tung Van Nguyen v. CTS Elecs. Mfg.*

2   *Sols.,* 301 F.R.D. 337, 340 (N.D. Cal. 2014) (citing *Sidney–Vinstein v. A.H. Robins*

3   *Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

4       "Redundant matter is defined as including a needless repetition of

5   allegations." *Id.* at 342 (citation omitted).  "Immaterial matter 'is that which has

6   no essential or important relationship to the claim for relief or the defenses being

7   pleaded.'" *Jacobsen,* 609 F. Supp. 2d at 934 (citing *California Dept. of Toxic*

8   *Substance Control v. ALCO Pacific, Inc.,* 217 F. Supp. 2d 1028, 1032 (C.D. Cal.

9   2002)).  "Impertinent material 'consists of statements that do not pertain, or are not

10   necessary to the issues in question.'" *Id.*  "Scandalous material has been defined as

11   allegations that cast a 'cruelly derogatory light' on a party or person." *Holmes v.*

12   *Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 938 (N.D. Cal. 2013)

13   (citations omitted).

14       A court may require "a showing of prejudice by the moving party" before

15   granting a motion to strike. *Cal. Dep't of Toxic Substances Control,* 217 F. Supp.

16   2d at 1033.  "The possibility that issues will be unnecessarily complicated or that

17   superfluous pleadings will cause the trier of fact to draw unwarranted inferences at

18   trial is the type of prejudice that is sufficient to support the granting of a motion to

19   strike." *Jacobsen*, 609 F. Supp. 2d at 935 (citing *Cal. Dep't of Toxic Substances*

20   *Control,* 217 F. Supp. 2d at 1033).   "Ultimately, whether to grant a motion to

21   strike lies within the sound discretion of the district court." *Tung Van Nguyen,* 301

22   F.R.D. at 340 (citing *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973 (9th

23   Cir. 2010)).

24       For example, in *Mireskandari v. Daily Mail & Gen. Tr. PLC*, the court

25   struck from the complaint allegations that defendants' employees engaged in

26   blackmail because they were immaterial and impertinent to the cause of action

27   alleged by the plaintiff.  Case No. CV 12-02943 MMM (FFMx), 2013 U.S. Dist.

28   LEXIS 194437, at *13 (C.D. Cal. July 31, 2013).

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

In *SST Sterling Swiss Tr. 1987 AG v. New Line Cinema, Corp.,* the court struck allegations of discriminatory treatment from the complaint because they had "no essential or important relationship to the claim for relief" and likely "cast a cruelly derogatory light on a party."  Case No. CV 05-2835 DSF (VBKx), 2005 U.S. Dist. LEXIS 47532, at *17-18, 2005 WL 6141290 (C.D. Cal. Oct. 31, 2005).

In *Sandoval v. Corizon, L.L.C.,* the court struck from the complaint allegations that the defendants had a policy to delay or deny services and engaged in a cover up, because they were impertinent to establishing that plaintiff was entitled to recover for his alleged injuries.  Case No. CIV 16-728-TUC-CKJ, 2017 U.S. Dist. LEXIS 96280, at *10, 2017 WL 2687626 (D. Ariz. June 21, 2017)

In *Mazzeo v. Gibbons*, the court struck from the complaint "inappropriate commentary and dramatic flourishes" and irrelevant materials that cast the defendants in a derogatory light.  649 F. Supp. 2d 1182, 1202 (D. Nev. 2009).

As described below, numerous aspects of plaintiff's complaint should be similarly stricken.

## ARGUMENT

### I

### THE COURT SHOULD STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS PARTS OF PLAINTIFF'S COMPLAINT

**A. Plaintiff is Pursuing a Claim Under the Montreal Convention.**

The only cause of action asserted against United in plaintiff's complaint is under the Montreal Convention[1], a treaty of the United States, which exclusively governs claims for personal injuries of passengers in the course of international transportation by air.  *See* Montreal Convention, Art. 17; *see also Narayanan v.*

---

[1]   The Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003), reprinted in Treaty Doc. 106-45, 1999 WL 33292734 (2000), commonly and hereinafter referred to as the "Montreal Convention."

*British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014).  The following allegations are irrelevant to plaintiff's claims under the Convention, and appear to have been improperly and unnecessarily included in the complaint for the sole purpose of casting United in a derogatory light to leverage a quick settlement:

**B. Allegations of a Bird-Strike "Cover-Up."**

Plaintiff's complaint opens with the following statement:

> This is the story of how United's negligence nearly resulted in the loss of all life aboard United Airlines Flight 931 on October 27, 2018, and how United has blatantly lied to its customers to cover up that negligence.

Dkt. 1, p. 1, ¶ 1.

The alleged cover up is explained in the subsequent paragraphs as follows:

> Insultingly, United soon fabricated an excuse for this accident. It instructed its customer support personnel to explain to customers that a "bird hit the windshield" – an utterly preposterous story for numerous reasons, especially given that no birds live or fly at that altitude.

*Id.,* at p. 3, ¶ 7.

> United has been lying to everyone about what happened on Flight 931.

*Id.* at p. 6, ¶ 29.

> On October 31, 2018, while speaking to the United customer service agent, the agent who pulled his record commented that "her notes showed that a bird hit the windshield" of Flight 931 and caused it to shatter. Plaintiff was infuriated when he heard this explanation, as he knew it was an outright lie based on what Flight 931's pilots told him.

*Id.* at pp. 6-7, ¶ 30.

> In fact, anyone doing a Google search could quickly realize that no birds fly at 40,000 feet. For the small number of bird species that fly anywhere close to that height, such birds are found in Asia (close to the Himalayas). Birds that live near the Eastern seaboard are

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

of a considerably less adventurous stock.

*Id.* at p. 7, ¶ 31.

> Moreover, it would not surprise anyone to learn that large commercial jet airliners are generally built to withstand a bird strike (given that birds are a constant hazard of airplanes). While a single bird strike would obviously cause some damage given the laws of physics, the kind of impact needed to cause Flight 931's cockpit window to shatter the way it did would mean that multiple birds were (i) somehow flying at 40,000 feet over the Atlantic and (ii) managed to crash into Flight 931 at the exact same spot. In short, United's explanation for what happened on Flight 931 was not just implausible but was simply absurd.

*Id.* at p. 7, ¶ 32.

> Due to his expertise in the customer service world, Plaintiff immediately realized that some executive at United had instructed its employees to provide this cover story to the public. Nobody else would have the authority to contradict the observations made by Flight 931's pilots. And, perhaps not coincidentally, the Montreal Convention does not impose liability for air travel accidents caused by "bird strikes."

*Id.* at p. 7, ¶ 33.

The Court should strike the above allegations of a "cover up" because they are clearly speculative (*i.e.*, based on plaintiff's "experience in the customer service world" and other speculative deductions), and are completely irrelevant to plaintiff's liability and damages claims under the Convention.

Plaintiff's assertion that United invented a bird strike story as a cover up because "the Montreal Convention does not impose liability for accidents caused by "bird strikes" should also be stricken.  Not only do plaintiffs have no way of knowing such or believing that such is true, the statement is legally baseless.  Contrary to plaintiff's assertion, there is no exception for bird strikes under the Montreal Convention. *See* Montreal Convention, Art.17(1); *Narayanan*, 747 F.3d

UNITED AIRLINES, INC.'S NOTICE OF MOTION AND
MOTION TO STRIKE PARTS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM IS SUPPORT THEREOF
CASE NO.: 19-CV-00396-WHA-SK

- 7 -

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

at 1127 (defining an Article 17 "accident" as "an unexpected or unusual event or happening that is external to the passenger."). Accordingly, the statement alleging United's motive for inventing the bird strike theory is utterly nonsensical, immaterial and scandalous.

The prejudice in baselessly accusing a major airline of lying to the public to cover up such an incident – something criminally punishable under federal law – is evident. Indeed, the Complaint is now a public document. Moreover, Plaintiff's counsel threatened to publish this claim in the media, and such claim in fact donned the headlines of several media outlets after United refused plaintiff's demand for settlement. *See* Exhibits A, B, C,[2] and D[3] to Declaration of Richard A. Lazenby. Lastly, the prejudice of influencing the trier of fact to draw unwarranted inferences as to United's liability or plaintiff's recoverable damages with the irrelevant and inflammatory allegation of a cover up cannot be overlooked. *See e.g., Jacobsen*, 609 F. Supp. 2d at 935.

Accordingly, the Court should issue an order striking these allegations from the complaint.

**C. Allegations Concerning Other Passengers.**

Plaintiff's complaint includes the following unsubstantiated and superfluous allegations concerning other passengers:

- "United blatantly lied to its customers…". Dkt. 1., p. 1, ¶ 1.
- "The passengers of Flight 931 were settled in to what they thought would be a routine trans-Atlantic flight." *Id.* at ¶ 2.
- "Everyone aboard felt the plane …". *Id.*

---

[2]     "Passenger sues United Airlines and accuses them of orchestrating a cover-up of a 'terrifying' midair incident that could have ended with the pilots being 'sucked out of the plane' - after a windshield shattered at 40,000ft." *Available at* https://www.dailymail.co.uk/news/article-6626295/United-passenger-accuses-airline-covering-mid-air-incident.html (last accessed on 2/18/2019).

[3]     "United Airlines Sued Passenger Smells Cover-Up Over Shattered 767 Windshield." *Available at* https://www.tmz.com/2019/01/23/united-airlines-emergency-landing-passenger-sues-cover-up-bird-strike/ (last accessed on 2/18/2019).

- "The injured and shocked passengers…".  *Id.* at p. 1-2, ¶ 2.
- "[United] instructed its customer support personnel to explain to customers that …".  *Id.* at p. 3, ¶ 7.
- "United then added insult to injury by offering each passenger …".  *Id.*
- "Many aboard thought they were going to die." *Id.* at p. 4, ¶ 18.
- "Plaintiff and the other passengers were not allowed to deplane for the next 8 hours though, for reasons unknown to them. As a result of being stuck on the aircraft for such an extended period of time following this traumatic episode, Plaintiff and the other passengers on Flight 931 experienced or exacerbated bodily injuries, such as exhaustion, cramps, and other physical ailments." *Id.* at p. 5, ¶ 21.
- "United has been lying to everyone about what happened on Flight 931." *Id.* at p. 6, ¶ 29.

The Court should strike the above allegations because they are immaterial to plaintiff's personal injury claim against United under the Montreal Convention. Moreover, neither plaintiff nor his counsel have put forth any indication that these allegations have any evidentiary support, or how they would have knowledge of what other passengers experienced during the diversion, or after in any interactions they had with United.  The fact that this is the only claim United has been made aware of is likely not a coincidence.

Tellingly, plaintiff's counsel threatened to file this as a "class action," but ultimately filed this single passenger complaint shortly after United declined plaintiff's demand.  This strongly suggests that plaintiff has no evidentiary support for the allegations related to what "many other passengers" experienced. Moreover, these allegations are prejudicial, as they imply that plaintiff's claim is credible based on plaintiff's speculation of what other passengers experienced.

Accordingly, the Court should strike these allegations.

/ /

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

UNITED AIRLINES, INC.'S NOTICE OF MOTION AND
MOTION TO STRIKE PARTS OF PLAINTIFF'S COMPLAINT;
MEMORANDUM IS SUPPORT THEREOF
CASE NO.: 19-CV-00396-WHA-SK

- 9 -

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

**D. Additional Irrelevant Claims.**

Plaintiff's complaint also includes the following statements:

- "United had reported that it earned profits of more than $800 million for the most recent fiscal quarter." Dkt. 1, at p. 3, ¶ 7.

- "[W]ith, bizarrely, the Zanzibar police officer opening Plaintiff's luggage and wearing his clothes stored inside." *Id.* at p. 6, ¶ 29.

- "[A]nyone doing a Google search could quickly realize…". *Id.* at p. 7, ¶ 31.

- "[I]t would not surprise anyone to learn that …". *Id.* at ¶ 32.

These allegations bear no relation to plaintiff's cause of action under the Montreal Convention.  They are also prejudicial.

Punitive damages are not at issue, thus United's profits are irrelevant.  Also, such allegation in the Complaint could potentially prejudice a damages award.

Irrelevant allegations regarding the police officer allegedly wearing plaintiff's clothes may confuse the trier of fact to draw unwarranted conclusions regarding United's responsibility, if any, for plaintiff's alleged damages, and elicit undue sympathy toward plaintiff.

Finally, the sarcastic language related to a "Google search," and that "it would not surprise anyone to learn…" is unduly prejudicial.   It has no relevance, and implies that plaintiff is somehow absolved from proving his allegations based on actual evidence.

Accordingly, the Court should strike the above allegations as immaterial, impertinent and prejudicial.

**CONCLUSION**

In light of the foregoing, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, United respectfully requests that the Court strike the immaterial,

impertinent, and scandalous parts of plaintiff's complaint:

- Paragraphs 1, 2, 7, 18, 21, 29, 30, 31, 32, and 33.


Dated: February 25, 2019                    Respectfully submitted,


By: /s/ Richard A. Lazenby
      Richard A. Lazenby
      Michael Cutler
      VICTOR RANE
      Attorneys for Defendant
      UNITED AIRLINES, INC.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849