**VICTOR RANE**

Michael Cutler

o +310.388.4849
f +310.388.4869
mcutler@victorrane.com

October 6, 2019

District Judge William Alsup
U.S District Court for the Northern District of California
San Francisco Courthouse
Courtroom 12, 19th Floor
450 Golden Gate Avenue,
San Francisco, CA 94102

Re: *Theodore Liaw v. United Airlines, Inc. .*
Case No.: 3:19-CV-00396-WHA
<u>Renewed Emergency Letter of United Airlines, Inc.
Requesting the Court to Compel Plaintiff to Provide
Complete Responses to Written Discovery, or in the
Alternative, Permit United to File a Motion to Compel
Plaintiff to Provide Complete Responses</u>

Judge Alsup:

United Airlines, Inc. ("United") respectfully submits its renewed letter pursuant to the Supplemental Order to Order Setting Initial Case Management Conference, to request the Court to compel plaintiff Theodore Liaw ("plaintiff") to provide complete responses to its second sets of interrogatories and requests for production of documents to plaintiff, or in the alternative, to permit United to file a motion to compel plaintiff to provide complete responses on or after October 7, 2019.[1]  This letter is submitted following a good faith <u>telephonic meet and confer</u> between the parties that took place on October 6, 2019, during which plaintiff's counsel represented that plaintiff stands on his objections and will not provide any additional responses to United's second set of interrogatories and requests for production.   United respectfully requests the Court to consider this letter on an emergency basis.

By way of background, on October 27, 2018 plaintiff was a passenger on a United flight from Chicago to London, which made an unscheduled landing at Goose Bay, Canada, as a result of crack in one layer of the cockpit windscreen.  The flight landed safely, without any issues, and no injures whatsoever were reported to United from plaintiff or any other passenger, until plaintiff filed this lawsuit.  In fact, many of the passenger did not even realize the aircraft made an unscheduled landing, and/or were sleeping throughout the incident.  Plaintiff alleges substantial damages, including at least $250,000 in emotional distress damages, $625,000-$725,000 in lost earnings incurred as a CEO of a company (NexRep, LLC); and unspecified

---

[1] Based on the current pre-trial deadlines, the last date to file a motion to compel discovery in this matter is October 7, 2019.

Hon. William Alsup
October 6, 2019
Page | 2

damages for pain and suffering. The crux of plaintiff's complaint is an alleged back injury that he allegedly sustained as a result of the descent and/or landing of the subject flight, and the alleged business deals that plaintiff was purportedly unable to close as a result of his emotional distress following the incident. Plaintiff has never been treated or examined by a health care provider regarding his alleged back injury, until he was recently seen by plaintiff's expert in this action for the purpose of making expert disclosure in this matter.

Plaintiff was deposed on August 23, 2019. During his deposition, plaintiff agreed to, and his counsel did not object to, the production of a number of discovery items, including statements related to massages he allegedly received for his back pain, and earnings data substantiating his alleged losses as the CEO of NexRep.

On August 30, 2019, United timely served its second sets of interrogatories and requests for production of documents to plaintiff pursuant to an agreement between the parties to serve all documents in this action by e-mail. The purpose of the discovery requests was to follow up on representations made by plaintiff at his deposition on August 23. All of United's requests were directly relevant to plaintiff's claims and alleged damages in this action, and included the following items:

Interrogatories:
- New NexRep clients obtained and all NexRep clients that terminated each quarter from Q1 2013 to Q3 2019.
- NexRep clients with whom YOU exchanged communications but did not secure as a new client because of your alleged reduced business air travel between Q3 2018 and the present

Requests for Production:
- Documents, including receipts and billing statements related to alleged massage therapy from January 1, 2016 to the present.
- Documents, including receipts and billing statements, related to plaintiff's gym membership(s) from January 1, 2016 to the present.
- Records, bills, and receipts from plaintiff's golf club showing when he utilized the club from January 1, 2016 to the present.
- Photographs, videos, and any other depictions of plaintiff from October 27, 2018 to January 2, 2018.
- Documents substantiating all new NexRep clients identified in his response to the above-referenced interrogatory (*i.e.,* clients obtained and all NexRep clients that terminated each quarter from Q1 2013 to Q3 2019).
- Documents related to potential NexRep clients that were not secured as a result of reduced business travel as identified in plaintiff's response to the above-referenced interrogatory (*i.e.* between Q3 2018 and the present).
- Documents showing all quarterly salaries, bonuses and distributions received by plaintiff from Q1 2013 to Present.

- Bank of America statements showing plaintiff's purchases from October 2016 to the present as identified on page 98-99 of his deposition transcript.[2]
- Documents related to the golfing plaintiff undertook in Mexico in early 2019.

On September 30, 2019, plaintiff served his responses by e-mail. In response to United's second set of interrogatories and requests for production of documents, plaintiff served only objections and failed to produce any documents.[3] The next day, October 1, 2019, United served by e-mail its letter requesting to meet and confer with plaintiff's counsel regarding the deficiencies in plaintiff's responses. The letter expressly identified the requests, responses, and the inadequacies in the responses. See Exhibit A. Plaintiff's counsel represented that he was unable to review and/or respond to the letter during the week because he was in trial in another case. On Sunday, October 6, 2019 the parties conducted a telephonic meet and confer to discuss the substance of United's requests and plaintiff's responses, in an attempt to resolve the discovery dispute in good faith. At the conclusion of the telephonic meet and confer, plaintiff's counsel represented that plaintiff stands on all of his objections.

As set forth in more detail in the meet and confer letter attached hereto as Exhibit A, United contends that plaintiff's objections lack any merit, because all the requests at issue were relevant, proportional to the needs of the case, did not invoke any privilege or protection, and were not otherwise objectionable.

In light of the above, United respectfully requests that the Court compel plaintiff to provide complete responses to United's second sets of interrogatories and requests for production of documents to plaintiff, or in the alternative, permit United to file a motion to compel plaintiff to provide complete responses on or after October 7, 2019

Sincerely,

*/s/ M Cutler*

Michael Cutler
Counsel for United Airlines, Inc.

---

[2] During his deposition plaintiff testified that the statements for this card would show the massages he allegedly received as a result of the subject incident.
[3] United's requests and plaintiff's objections that are at issue in this letter are set forth verbatim in Exhibit A (United's meet and confer letter).